## I. N. BIGELOW, Plaintiff in Error,

### v.

## ARTHUR M. SCOTT, Defendant in Error.

The controverted allegations of a complaint, of the giving of a certain due bill for value received, may properly be supported by showing that the maker had given the same in satisfaction of the payer's interest in real estate, purchased in the name of the maker.

Error, to Third Judicial District, holding terms at Seattle.

*C. E. Bowman, Burke & Haller*, for Plaintiff in error.

The reply having specifically alleged the consideration, and negatived any other, the plaintiff in the Court below was bound by the record he had made. (Bliss on Code Pleading, 1st ed., Secs. 390, 394, 395 ; 1 Chitty on Pleading, 12 Amer. ed. from 7 London ed., star page 624.)

The writing not being negotiable or importing consideration, it was incumbent upon plaintiff below to allege legal and valuable consideration, and prove the same as alleged. (*Jerome* v. *Whiting*, 7 Johnson's Rep. N. Y. 321; *Lansing* v. *M'Killip*, 3 Caines' Rep., N. Y. 286 ; Bliss on Code Pleading, 1st ed., Sec. 263 ; 1 Chitty on Pleading, 12 Amer. ed. from 7 London ed., star pages 293, 291 ; 1 Parsons on Contracts, 6th ed., star page 429.)

The alleged consideration was money had and received to the use of defendant in error. The consideration attempted to be proved, and erroneously admitted in evidence, was of a profit made by plaintiff in error, arising out of dealings in real estate had by him with persons other than defendant in error, and wholly disconnected with him ; which real estate it was claimed should belong to the defendant in error, by reason of a trust existing between them. This evidence did not correspond with the allegations, nor was it confined to the point in issue ; its admission was on that ground error. (1 Greenleaf on Evidence, Redfield's ed., Secs. 50, 51.)

The money paid by defendant in error being paid directly to plaintiff in error, and not as part of the original purchase price, there was no implied or resulting trust arising between them. (*Dudley* v. *Bachelder*, 53 Maine Rep. 408, 409; *Buck* v. *Swa-*

*zey*, 35 Maine Rep. 51; *Davis* v. *Wetherell*, 11 Allen (Mass.) Rep. 19, 20 ; *Olcott* v. *Bynum*, 17 Wallace, U. S. Rep. 59.)

An express trust could only have been shown by a writing signed by plaintiff in error. (*Capen* v. *Richardson*, 7 Gray, Mass. Rep. 369; *Walker* v. *Locke*, 5 Cushing, Mass. 90; *Smith* v. *Barnham*, 3 Sumner Rep. 461; 4 Kent's Commentaries, 3d ed., p. 305.) No contract or conveyance affecting real estate can be evidenced or proved at law, except by deed. (2 Washburn on Real Property, 3d ed., pp. 424, 369, 454; Code of Washington Territory, Sec. 2311 ; 4 Kent's Commentaries, 3d ed., 303 ; *Smith* v. *Barnham*, 3d Sumner Rep. 470; *Potts* v. *Waugh*, 4 Mass. Rep. 424.)

Therefore, as no competent evidence was offered or admitted, tending to prove any interest by defendant in error in said real estate or its proceeds, it follows that said writing was without consideration and void, and the judgment in this cause is erroneous and should be reversed.

*Geo. Venable Smith*, for Defendant in error.

The due bill sued on is sufficient in form to constitute a promissory note—promising payment at a certain time. (Story on Promissory Notes, 6th ed., Sec. 14 ; *Russell* v. *Whipple*, 2 Cowen, 536 ; 1st Parsons on Notes and Bills, 25.)

Therefore, the consideration was implied, and need not have been alleged. (*Moore* v. *Waddle*, 34 Cal. Rep. 145 ; 13 Wendell, 557; 15 N. Y. Rep. 425.)

A note not negotiable enjoys by our laws all the privileges of a note which is negotiable, so far as maker and payee are concerned. (Story on Promissory Notes, 6th ed., Secs 41 and 60 ; Bayley on Bills, 5th ed., Ch. 1, Secs. 10, 33 ; Chitty on Bills, 8th ed., Ch. 5, 181, 218.)

The allegation in the complaint that said due bill was given " for value received," is a sufficient allegation of consideration, even where an allegation of consideration is necessary; or if not, it is cured by verdict, if it be unobjected to until after the trial, as in this case. (*Eastern Plank Road Company* v. *Vaughn*, 14 N. Y. Rep. 546 ; *Jackson* v. *Alexander*, 3 John's Rep. 484; *Watson* v. *McLaren*, 19 Wend. Rep. 557 ; Affirmed, 26 Wend. Rep. 425 ; *Douglas* v. *Howland*, 24 Wend. Rep. 35; *Kean* v. *Mitchell*, 13 Mich. Rep. 207.)

Opinion by WINGARD, Associate Justice.

This was an action brought by *Arthur M. Scott* v. *J. N. Bigelow* on a due bill, in words and figures, as follows:

"SEATTLE, Wash. Ter., July 3d, 1883.
"Due Arthur M. Scott, seven hundred and fifty dollars, payable thirty days after date.                    J. N. BIGELOW."

The complaint alleged that said due bill was given for value received, and admitted a credit or payment of five hundred dollars on the 8th day of August, 1883.

The defendant below denied each and every allegation of the complaint, except the making and delivery of the due bill, and the payment of five hundred dollars; and set up as new matter of defense a special contract between himself and Scott; alleging that at the time of making and delivering of the said due bill, and as the consideration thereof, plaintiff below orally promised and agreed that if defendant below would make and deliver said due bill, that said plaintiff would, within twenty days from its date, and before the said due bill would become due, purchase and procure for said defendant below a one-half interest in a certain lot in the city of Seattle, of the value of $250 and upwards; and that said promise of plaintiff below was the sole and only consideration for said due bill.

Defendant below further alleged a breach of this oral agreement, and that before the commencement of this suit he had elected to abandon and rescind the said oral agreement, and still elects to rescind and abandon the same.

The plaintiff below, for reply, denied each and every allegation set up in the answer as new matter.

This we think completed the issues, and the further allegations of the reply were only evidential, and might have been stricken out on motion. (Sec. 95 Code, Pomeroy's Remedies and Remedial Rights, Sec. 625.)

The plaintiff offered to prove on the trial that the due bill aforesaid was given for money received by defendant for plaintiff's use, arising out of the following transaction, viz: Plaintiff and defendant had agreed by parol, that plaintiff should pay to defendant one-half the money paid by defendant for the purchase of certain lands. Said lands were purchased by defend-

ant in his own name, plaintiff to own jointly with defendant one-half interest in said lands, and was to receive from defendant one-half the proceeds of the sale of said lands. That on July 3d, 1883, plaintiff and defendant had a settlement of the account of said real estate transaction; that thereupon defendant admitted and agreed that the sum of $750 was plaintiff's portion of the proceeds of the sale of real estate mentioned, and that said due bill was given in consideration of said debt of $750 due from defendant to plaintiff.

Defendant below objected to the introduction of this evidence, because it was not competent evidence at law to prove the purchase by plaintiff of any interest in said lands; and because any such contract or interest can only be proved by deed; and because the same was a variance from the allegations and issues of plaintiff. The Court overruled the objection. Exception was asked and allowed, and this ruling of the Court is assigned as error.

A motion was made to strike out the foregoing evidence, also a motion for *non-suit;* both of which having been denied by the Court, the denials are assigned as errors.

A verdict was rendered for the plaintiff below, upon which judgment was entered.

We find no error in the record, and decree it unnecessary to say more than this, upon the foregoing statement of the case.

Let the judgment of the Court below be affirmed.

We concur:   JOHN P. HOYT, Associate Justice.
            GEORGE TURNER, Associate Justice.